■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES O. PARKER, Appellant.—Judgment, Supreme Court, New York County, rendered March 20, 1978, convicting defendant, after jury trial, of criminal possession of a forged instrument in the second degree, criminal possession of a weapon in the third degree, and criminally using drug paraphernalia in the second degree and sentencing him, as a second felony offender, to concurrent indeterminate terms of from two to four years on each count, modified, on the law, to the extent of vacating the sentence of two to four years on the count of criminally using drug paraphernalia in the second degree and imposing instead a concurrent sentence of one year, and, as so modified, affirmed. The case is remitted to the Supreme Court, New York County for further proceedings pursuant to CPL 460.50 (subd 5). The People concede, and we agree, that defendant was improperly sentenced to two to four years on his misdemeanor conviction of criminally using drug paraphernalia in the second degree (Penal Law, § 220.50). The maximum permissible sentence is one year for this class A misdemeanor conviction (Penal Law, § 70.15). Concur—Kupferman, J. P., Birns, Fein and Lupiano, JJ.

Bloom, J., concurs in a separate memorandum, as follows: In connection with the second count of the indictment alleging criminal possession of a forged instrument in the second degree, the trial court was required to and did instruct the jury on the question of intent. In so doing, the court charged, in part, as follows: "On the question of intent, you *must* infer that a person intends that which is natural and necessary and proper consequences [sic] of the act by him and, unless the act was done under circumstances to preclude the existence of such intent, you have the right to find from the results produced an intention to effect it. That basically is what the term intent means" (emphasis supplied). Although my colleagues are of the opinion that the mandatory nature of this portion of the charge was sufficiently softened by the remainder of the charge on intent so as to bring it within constitutional standards, some comment on the effect of *Sandstrom v Montana* (442 US 510) is warranted. *Sandstrom* involved an indictment charging deliberate homicide. The defense conceded the commission of the homicide but contended that by reason of a personality disorder and the consumption of alcohol, the defendant did not "purposely or knowingly" kill the deceased. The trial court there instructed the jury that "'the law presumes that a person intends the ordinary consequences of his voluntary acts'" *(supra,* p 513). Under the Montana Revised Code a presumption such as that here in question "may be overcome [only] by a preponderance of evidence contrary to the presumption. Unless the presumption is overcome, the trier of the facts must find the assumed fact in accordance with the presumption" *(supra,* p 518, n 6). Such a rule, the Supreme Court held, shifts not only the burden of production, but also the burden of persuasion and is violative of a defendant's due process rights. In this State, however, no such rule of evidence exists. Here, the concept is that a jury *may* infer as a fact, thus eliminating the necessity for specific proof, that which is in accord with all common experience (cf. *People v McCaleb,* 25 NY2d 394). Here a presumption shifts merely the burden of production and not the burden of persuasion. Hence, it does not violate due process requirements. In this case however, the trial court set forth the presumption in mandatory rather than permissive terms. In so doing, his charge did that which is forbidden by *Sandstrom.* Were it not that proof of guilt is so overwhelming that it demonstrates that the constitutional error did not affect the result reached by the jury and was harmless "beyond a reasonable doubt" *(People v Crimmins,* 38 NY2d 407, 411), I would feel constrained to reverse. However,

in the circumstances here presented, I join with my brethren in voting to vacate the sentence imposed for criminally using drug paraphernalia in the second degree and imposing instead a concurrent sentence of one year and, except, as so modified, to affirm.