opinion of the court

Per Curiam.

Judgment of conviction rendered November 1, 1979, after trial, is reversed, on the facts and the law and in the exercise of discretion; the accusatory instrument is dismissed.
Defendant is charged with the use of a stolen vehicle. Whether defendant was an innocent victim of circumstances or guilty of culpable conduct is in dispute. Defendant claims that the events leading to her arrest were of a most innocent nature. In short, defendant claims that she *417 had borrowed the vehicle from one she thought to be its owner. The supposed owner was the boyfriend of an acquaintance of the defendant. At the time of her arrest the defendant was in the company of a friend who at trial corroborated defendant’s version of how she came into possession of the vehicle.
Subdivision 1 of section 165.05 of the Penal Law provides that a person who uses a vehicle without the consent of the owner is presumed to know that he does not have such consent. The presumption of knowledge is permissive; the fact finder is authorized, but not required, to find the presumed fact from the basic fact (People v McCaleb, 25 NY2d 394). Such a presumption or inference has no effect on the ultimate burden of proof in a criminal proceeding. The defendant, if he so chooses, may come forward with evidence in rebuttal, as the presumption “shifts merely the burden of production and not the burden of persuasion.” (People v Parker, 71 AD2d 986; People v Robinson, 97 Misc 2d 47.) In upholding the constitutionality of subdivision 1 of section 165.05 of the Penal Law, Judge Breitel (People v McCaleb, supra) characterized defendant’s burden of going forward to demonstrate use without knowledge as a light one. Once accomplished, he observed (p 401) “a heavy burden will have been placed on the prosecution to negative this rebuttal of the presumption, in order to sustain conviction based on proof beyond a reasonable doubt”.
To prove its case, the People relied on the testimony of the arresting officer, the testimony of an executive of the auto dealership from which the vehicle had been stolen and the statutory presumption. Defendant’s case consisted of her own testimony and the corroborating testimony of the friend (defendant’s friend that had been with the defendant at the time of the former’s arrest testified despite the warnings of the Trial Judge that her testimony could expose her to criminal liability).
We believe the conviction in the case at bar must fall because the record is replete with evidence rebutting the statutory presumption of “knowledge” on the part of the defendant, and because the State failed to adequately negate defendant’s rebuttal evidence. Defendant’s claim of having borrowed the car from one she believed to be the *418 true owner was never impeached. Moreover, defendant demonstrated a willingness to co-operate in the investigation of the matter; albeit the People failed to take advantage of defendant’s proffered assistance. Furthermore, defendant’s story was corroborated by a witness whose testimony assumes heightened credibility in light of the fact that she testified despite admonitions of exposure to criminal liability. Taken as a whole, these factors satisfy defendant’s burden of going forward as set forth in People v McCaleb (supra).
Considering the evidence adduced by defendant, the People’s proof of “knowledge” on the part of the defendant that the vehicle was stolen, was patently insufficient. Knowledge that the car was stolen cannot be imputed to the defendant merely because the vehicle did not display proper stickers and did not contain the required registration. Defendant testified that she assumed the registration to be in the glove compartment or over the visor, and so did not ask for it upon borrowing the car. As a result of defendant’s never having owned a car, she indicated she was unfamiliar with the kinds of stickers required to be affixed to a windshield.
“If the circumstances make one inference just as reasonable as the other, we must give the defendant the benefit of the conclusion that would mitigate his guilt” (People v Galbo, 218 NY 283, 292). Since the inference of lack of knowledge is as reasonable as the statutory presumption, judgment should be reversed and the complaint dismissed.
The matter is remitted to the trial court for the purpose of entering an order in favor of the accused pursuant to .CPL 160.50, not less than 30 days after service of this order upon the respondent, with leave during this 30-day period to respondent to move and seek any further stay of the implementation of CPL 160.50 as in the interest of justice is required.